UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TAMMY SHEA BRADY, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF CHARLES BRADY,
ET AL.

       PLAINTIFFS

v.

PFIZER INC.
AND
JOHN DOE ONE
AND
JOHN DOE TWO
AND
ROBERT S. TILLETT, JR., M.D.
AND
LOUISVILLE NEUROLOGY ASSOCIATES,
PSC

       DEFENDANTS

CIVIL ACTION NO. 3:07-CV-206

**PFIZER INC.'S ANSWER**

Defendant, Pfizer Inc. ("Pfizer")(improperly identified in Plaintiffs' Complaint as Pfizer,

Inc.), by counsel, for its answer to Plaintiffs' Complaint states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      With regard to the allegations contained in Paragraph 1 of the Complaint, Pfizer is

without knowledge or information sufficient to form a belief as to the truth of the meaning of "all

times applicable hereto." Pfizer admits that, at certain times, it marketed and co-promoted

Bextra®. Pfizer denies that any alleged injuries to Plaintiffs were caused by Bextra®. Pfizer is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 1 of the Complaint and, therefore, denies the same.  Pfizer denies all remaining allegations relating to Bextra® and Pfizer in Paragraph 1 of the Complaint.

2.      Pfizer is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Complaint, and therefore, denies the same.

3.      Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, therefore, denies the same.

4.      Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, denies the same.

5.      Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, denies the same.

6.      Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies the same.

7.      Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, denies the same.

8.      Pfizer admits that it is a Delaware corporation with its principal place of business in New York.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the phrase "at all times material hereto."  Pfizer admits that, at certain times, it marketed

and co-promoted Bextra®.  Pfizer denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.    Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies the same.

10.    Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies the same.

11.    Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, denies the same.

12.    With regard to the allegations contained in Paragraph 12 of the Complaint, Pfizer admits that it is a foreign corporation, duly licensed and authorized to do business in the Commonwealth of Kentucky and has designated CT Corp. System, Ky. Home Life Bldg., Louisville, Kentucky 40202 as its registered agent for service of process.  Pfizer states that the remaining allegations in Paragraph 12 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Pfizer denies the remaining allegations in Paragraph 12 of the Complaint.

13.    Pfizer admits that plaintiffs have put greater than $75,000 at issue, but Pfizer denies that there is any legal or factual basis for such relief.  Pfizer denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.    The allegations contained in Paragraph 14 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Pfizer denies the allegations in Paragraph 14 of the Complaint.

## FACTUAL BACKGROUND

### Properties of COX Inhibitors

15.    As stated in the package insert approved by the United States Food & Drug Administration ("FDA"), Pfizer admits that Bextra® is a prescription medication and selective COX-2 non-steroidal anti-inflammatory drug ("NSAID").  Pfizer further states, as indicated in the package insert approved by the FDA, that Bextra® has been approved by the FDA for the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Pfizer denies the remaining allegations in Paragraph 15 of the Complaint.

16.    The allegations contained in Paragraph 16 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  Should a response be deemed required, Pfizer incorporates its response to Paragraph 15 of the Complaint herein.  Pfizer denies the remaining allegations contained in this Paragraph as may be construed as relating to it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph of the Complaint and, on that basis, denies the same.

17.    The allegations contained in Paragraph 17 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  Should a response be deemed required, Pfizer incorporates its response to Paragraph 15 of the Complaint herein.  Pfizer further admits, as stated in the FDA-approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to the inhibition of prostaglandin synthesis primarily through inhibition of cyclooxygenase-2

(COX-2).  At therapeutic plasma concentrations in humans valdecoxib does not inhibit cyclooxygenase-1 (COX-1)."  Pfizer denies the remaining allegations contained in this Paragraph as may be construed as relating to it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph of the Complaint and, on that basis, denies the same.

18.    The allegations contained in Paragraph 18 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  Should a response be deemed required, Pfizer incorporates its responses to Paragraphs 15 and 17 of the Complaint herein.  Pfizer denies the remaining allegations contained in this Paragraph as may be construed as relating to it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph of the Complaint and, on that basis, denies the same.

19.    The allegations contained in Paragraph 19 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  Should a response be deemed required, Pfizer incorporates its responses to Paragraphs 15 and 17 of the Complaint herein.  Pfizer denies the remaining allegations contained in this Paragraph as may be construed as relating to it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph of the Complaint and, on that basis, denies the same.

20.    The allegations contained in Paragraph 20 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  Should a response be deemed required, Pfizer incorporates its responses to Paragraphs 15 and 17 of the Complaint herein.  Pfizer denies the remaining allegations contained in this Paragraph as may be construed as relating to it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph of the Complaint and, on that basis, denies the same.

21.     The allegations contained in Paragraph 21 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  Should a response be deemed required, Pfizer incorporates its responses to Paragraphs 15 and 17 of the Complaint herein.  Pfizer denies the remaining allegations contained in this Paragraph as may be construed as relating to it. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph of the Complaint and, on that basis, denies the same.

22.     The allegations contained in Paragraph 22 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  Should a response be deemed required, Pfizer incorporates its responses to Paragraphs 15 and 17 of the Complaint herein.  Pfizer denies the remaining allegations contained in this Paragraph as may be construed as relating to it. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph of the Complaint and, on that basis, denies the same.

23.     The allegations contained in Paragraph 23 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  Should a response be deemed required, Pfizer incorporates its responses to Paragraphs 15 and 17 of the Complaint herein.  Pfizer denies the remaining allegations contained in this Paragraph as may be construed as relating to it. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph of the Complaint and, on that basis, denies the same.

24.     The allegations contained in Paragraph 24 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  Should a response be deemed required, Pfizer incorporates its response to Paragraph 15 of the Complaint herein.  Pfizer denies the remaining allegations contained in this Paragraph as may be construed as relating to it.  Pfizer is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph of the Complaint and, on that basis, denies the same.

25.     The allegations contained in Paragraph 25 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  Should a response be deemed required, Pfizer incorporates its responses to Paragraphs 15 and 17 of the Complaint herein.  Pfizer denies the remaining allegations contained in this Paragraph as may be construed as relating to it. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph of the Complaint and, on that basis, denies the same.

### The Bextra® Timeline

26.     With regard to the allegations contained in Paragraph 26 of the Complaint, Pfizer admits that G.D. Searle & Co. ("Searle") submitted an NDA for Bextra® and the FDA granted approval on November 16, 2001.  Pfizer also admits that, during certain periods of time, Pfizer marketed Bextra®.  Further, Pfizer admits that, in April 2003, Pfizer acquired Pharmacia.  Pfizer denies that all the entities herein are collectively known as "Pfizer."  Pfizer denies the remaining allegations contained in this Paragraph which are inconsistent with these admissions.

27.     Pfizer admits that, during certain periods of time following FDA approval, it marketed and co-promoted Bextra® for the indicated uses set out in the relevant FDA approved prescribing information.  Pfizer denies the remaining allegations contained in Paragraph 27 of the Complaint.

28.     The allegations contained in Paragraph 28 of the Complaint are vague and ambiguous and as a result Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  Pfizer denies the remaining allegations in this Paragraph.

29.     Pfizer denies the allegations contained in Paragraph 29 of the Complaint.

30.     Pfizer denies the allegations contained in Paragraph 30 of the Complaint.

31.     Pfizer denies the allegations contained in Paragraph 31 of the Complaint.

32.     Pfizer states that the FDA safety review referenced in Paragraph 32 of the Complaint speaks for itself and any attempt to characterize it is denied.  Pfizer denies the remaining allegations contained in Paragraph 32 of the Complaint.

33.     The allegations contained in Paragraph 33 of the Complaint are vague and ambiguous and as a result Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  Pfizer denies the remaining allegations in this Paragraph.

34.     Pfizer states that the referenced study speaks for itself and respectfully refers the Court to the study for its actual language and full text.  Any attempt to characterize the study is denied.  Pfizer specifically states that the VIGOR study involved Vioxx®, not Bextra®.  Pfizer denies any remaining allegations contained in Paragraph 34 of the Complaint.

35.     Pfizer states that the referenced study speaks for itself and respectfully refers the Court to the study for its actual language and full text.  Any attempt to characterize the study is denied.  Pfizer specifically states that the VIGOR study involved Vioxx®, not Bextra®  Pfizer denies any remaining allegations contained in Paragraph 35 of the Complaint.

36.     The allegations contained in Paragraph 36 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  To the extent a response is required, Pfizer states that the referenced study speaks for itself and respectfully refers the Court to the study for its actual language and full text.  Any attempt to characterize the study is denied.  Pfizer

specifically states that the VIGOR study involved Vioxx®, not Bextra®. Pfizer denies the remaining allegations contained in Paragraph 36 of the Complaint.

37.    Pfizer denies the allegations contained in Paragraph 37 of the Complaint.

38.    Pfizer denies the allegations contained in Paragraph 38 of the Complaint.

39.    Pfizer denies the allegations contained in Paragraph 39 of the Complaint.

40.    Pfizer states that the referenced study speaks for itself and respectfully refers the Court to the study for its actual language and full text. Any attempt to characterize the study is denied. Pfizer specifically states that the VIGOR study involved Vioxx®, not Bextra®. Pfizer denies the remaining allegations contained in Paragraph 40 of the Complaint.

41.    Pfizer states that the referenced study speaks for itself and respectfully refers the Court to the study for its actual language and full text. Any attempt to characterize the study is denied. Pfizer specifically states that the VIGOR study involved Vioxx®, not Bextra®. Pfizer denies the remaining allegations contained in Paragraph 41 of the Complaint.

42.    Pfizer denies the allegations contained in Paragraph 42 of the Complaint as relate to it. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Complaint and, on that basis, denies the same.

43.    Pfizer admits the referenced system for adverse event reporting exists. Pfizer denies the remaining allegations contained in Paragraph 43 of the Complaint.

44.    Plaintiffs fail to provide the proper context for the allegations contained in Paragraph 44 of the Complaint and, therefore, Pfizer is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint. Pfizer denies the remaining allegations contained in Paragraph 44 of the Complaint.

45.     Plaintiff fails to provide the proper context for the allegations contained in Paragraph 45 of the Complaint and, therefore, Pfizer is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.  Pfizer denies the remaining allegations contained in Paragraph 45 of the Complaint.

46.     The allegations contained in Paragraph 46 of the Complaint are not directed toward Pfizer and, therefore, no responsive pleading is required.  Should a response be deemed required, based on information and belief, Pfizer admits that Vioxx® was voluntarily withdrawn from the market.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph and, therefore, denies the same.

47.     Pfizer states that the January 10, 2005 letter from the FDA speaks for itself and any attempt to characterize it is denied.  Pfizer denies the remaining allegations contained in Paragraph 47 of the Complaint.

48.     Pfizer admits that the sale of Bextra® was voluntarily suspended in the United States market as of April 7, 2005.  Pfizer further states that any statements made by the FDA speak for themselves and any attempt to characterize them is denied.  Pfizer denies the remaining allegations contained in Paragraph 48 of the Complaint.

49.     Pfizer states that the referenced editorial speaks for itself and any attempt to characterize the editorial is denied.  Pfizer denies the remaining allegations contained in Paragraph 49 of the Complaint.

50.     Pfizer denies the allegations contained in Paragraph 50 of the Complaint.

51.     Pfizer denies the allegations contained in Paragraph 51 of the Complaint.

**Fraudulent Concealment, Tolling and Estoppel**

52.     Pfizer denies the allegations contained in Paragraph 52 of the Complaint.

53.     Pfizer states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint and, therefore, denies the same.  However, Pfizer denies any allegations contained in Paragraph 53 of the complaint as may be construed as relating to Pfizer.

54.     Pfizer denies that Bextra® is dangerous or has unreasonably adverse side effects. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the Complaint and, therefore, denies the same.

55.     The allegations contained in Paragraph 55 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Pfizer admits that certain duties are imposed upon it by applicable law.  Pfizer denies the remaining allegations contained in Paragraph 55 of the Complaint.

56.     Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint and, therefore, denies the same.

57.     The allegations contained in Paragraph 57 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Pfizer denies the allegations contained in Paragraph 57 of the Complaint.

## CAUSES OF ACTION

### COUNT I – STRICT LIABILITY
**(Against Pfizer)**
**Restatement of Torts (Second) §402A**
**or**
**Restatement of Torts (Third): Prod. Liab. §6**

58.     In response to Paragraph 58, Pfizer incorporates by reference its responses to each and every allegation in the Complaint, as if fully stated herein.

59.     Pfizer denies the allegations contained in Paragraph 59 of the Complaint.

60.     Pfizer states that, in the ordinary case, Bextra® was expected to reach healthcare providers and consumers without substantial change from the time of sale.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Bextra® reached Charles Brady and, therefore, denies the same.  Pfizer denies the remaining allegations contained in Paragraph 60 of the Complaint

61.     Pfizer denies the allegations, including subparts a – d, contained in Paragraph 61 of the Complaint.

62.     Pfizer denies the allegations contained in Paragraph 62 of the Complaint.

### COUNT II – NEGLIGENCE
**(Against Pfizer)**

63.     In response to Paragraph 63, Pfizer incorporates by reference its responses to each and every allegation in the Complaint, as if fully stated herein.

64.     The allegations contained in Paragraph 64 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Pfizer admits that certain duties are imposed upon it by applicable law.  Pfizer denies the remaining allegations contained in Paragraph 64 of the Complaint.

65.     The allegations contained in Paragraph 65 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Pfizer admits that certain duties are imposed upon it by applicable law.  Pfizer denies the remaining allegations contained in Paragraph 65 of the Complaint.

66.     Pfizer denies the allegations contained in Paragraph 66 of the Complaint.

67.     Pfizer denies the allegations contained in Paragraph 67 of the Complaint.

68.     Pfizer denies the allegations, including subparts a – i, contained in Paragraph 68 of the Complaint.

69.     Pfizer denies the allegations contained in Paragraph 69 of the Complaint.

70.     Pfizer denies the allegations contained in Paragraph 70 of the Complaint.

71.     Pfizer denies the allegations contained in Paragraph 71 of the Complaint.

**COUNT III – FAILURE TO WARN**
**(Against Pfizer)**
**Restatement of Torts (Second) §388**
**or**
**Restatement of Torts (Third): Prod. Liab. §6**

72.     In response to Paragraph 72, Pfizer incorporates by reference its responses to each and every allegation in the Complaint, as if fully stated herein.

73.     The allegations contained in Paragraph 73 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Pfizer admits that certain duties are imposed upon it by applicable law.  Pfizer denies any remaining allegations contained in Paragraph 73 of the Complaint.

74.     Pfizer denies the allegations, including subparts a - b, contained in Paragraph 74 of the Complaint.

75.     The allegations contained in Paragraph 75 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, Pfizer denies the allegations contained in Paragraph 75 of the Complaint.

76.     Pfizer denies the allegations contained in Paragraph 76 of the Complaint.

77.     The allegations contained in Paragraph 77 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Pfizer admits that certain duties are imposed upon it by applicable law and specifically denies that it breached any such duties.  Pfizer denies any remaining allegations in this Paragraph.

78.     Pfizer denies the allegations contained in Paragraph 78 of the Complaint.

### COUNT IV – FRAUD AND FALSE ADVERTISING
### (Against Pfizer)

79.     In response to Paragraph 79, Pfizer incorporates by reference its responses to each and every allegation in the Complaint, as if fully stated herein.

80.     The allegations contained in Paragraph 80 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Pfizer admits that certain duties are imposed upon it by applicable law.  Pfizer denies any remaining allegations contained in Paragraph 80 of the Complaint.

81.     Pfizer denies the allegations contained in Paragraph 81 of the Complaint.

82.     Pfizer denies the allegations contained in Paragraph 82 of the Complaint.

83.     Pfizer denies the allegations contained in Paragraph 83 of the Complaint.

84.     Pfizer denies the allegations contained in Paragraph 84 of the Complaint.

85.     Pfizer denies the allegations contained in Paragraph 85 of the Complaint.

86.     Pfizer denies the allegations, including subparts a – e, contained in Paragraph 86 of the Complaint.

87.     Pfizer denies the allegations contained in Paragraph 87 of the Complaint.

88.     Pfizer denies the allegations contained in Paragraph 88 of the Complaint.

89.     Pfizer denies the allegations contained in Paragraph 89 of the Complaint.

90.     Pfizer denies the allegations contained in Paragraph 90 of the Complaint directed against it and specifically denies that it concealed or suppressed information.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

91.     Pfizer denies the allegations contained in Paragraph 91 of the Complaint.

92.     Pfizer denies the allegations contained in Paragraph 92 of the Complaint.

93.     Pfizer denies the allegations contained in Paragraph 93 of the Complaint.

94.     Pfizer denies the allegations contained in Paragraph 94 of the Complaint.

95.     The allegations contained in Paragraph 95 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Pfizer denies the allegations in this Paragraph.

96.     Pfizer denies the allegations contained in Paragraph 96 of the Complaint.

### COUNT V – MISREPRESENTATION BY SELLER OF CHATTEL
#### (Against Pfizer)
#### Restatement of Torts (Second) § 402B
#### or
#### Restatement of Torts (Third): Prod. Liab. § 9

97.     In response to Paragraph 97, Pfizer incorporates by reference its responses to each and every allegation in the Complaint, as if fully stated herein.

98.     With regard to the allegations contained in Paragraph 98 of the Complaint, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the meaning of

"all relevant times herein." Pfizer denies the allegations contained in Paragraph 98 of the Complaint.

99.     Pfizer denies the allegations contained in Paragraph 99 of the Complaint.

100.     Pfizer denies the allegations contained in Paragraph 100 of the Complaint.

101.     Pfizer denies the allegations contained in Paragraph 101 of the Complaint.

### COUNT VI – BREACH OF EXPRESS AND IMPLIED WARRANTY
### (Against Pfizer)

102.     In response to Paragraph 102, Pfizer incorporates by reference its responses to each and every allegation in the Complaint, as if fully stated herein.

103.     The allegations contained in Paragraph 103 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Pfizer denies the remaining allegations in this Paragraph.

104.     Pfizer denies the allegations, including subparts i - vi, contained in Paragraph 104 of the Complaint.

105.     The allegations contained in Paragraph 105 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Pfizer denies the allegations in this Paragraph.

106.     Pfizer incorporates its response to Paragraph 15 of the Complaint herein. Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Pfizer denies the remaining allegations contained in Paragraph 106 of the Complaint.

107.     Pfizer denies the allegations contained in Paragraph 107 of the Complaint.

108.     Pfizer denies the allegations contained in Paragraph 108 of the Complaint.

109.    Pfizer denies the allegations contained in Paragraph 109 of the Complaint.

## COUNT VII – CONSUMER PROTECTION ACT
### (Against Pfizer)

110.    In response to Paragraph 110, Pfizer incorporates by reference its responses to each and every allegation in the Complaint, as if fully stated herein.

111.    Pfizer denies the allegations contained in Paragraph 111 of the Complaint.

112.    Pfizer denies the allegations contained in Paragraph 112 of the Complaint.

113.    Pfizer denies the allegations contained in Paragraph 113 of the Complaint directed against it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

114.    The allegations contained in Paragraph 114 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, denies the same.

115.    Pfizer denies the allegations contained in Paragraph 115 of the Complaint.

116.    Pfizer denies the allegations contained in Paragraph 116 of the Complaint.

## COUNT VIII – JOHN DOES
### (Claims against the John Doe Sales Representative Defendants)

117.    In response to Paragraph 117, Pfizer incorporates by reference its responses to each and every allegation in the Complaint, as if fully stated herein.

118.    The allegations contained in Paragraph 118 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it.  Pfizer is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

119.    The allegations contained in Paragraph 119 of the Complaint contain legal conclusions to which no response is required.  Further, the allegations in this Paragraph are not directed toward Pfizer and, therefore, no response is required.  To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

120.    The allegations contained in Paragraph 120 of the Complaint contain legal conclusion to which no response is required.  Further, the allegations contained in this Paragraph are not directed toward Pfizer and, therefore, no response is required.  To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

121.    The allegations contained in Paragraph 121 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

122.    The allegations contained in Paragraph 122 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it.  Pfizer is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

123. Pfizer denies the allegations contained in Paragraph 123 of the Complaint.

124. The allegations contained in Paragraph 124 of the Complaint are not directed toward Pfizer and, therefore, no response is required. To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

125. The allegations contained in Paragraph 125 of the Complaint are not directed toward Pfizer and, therefore, no response is required. To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

126. The allegations contained in Paragraph 126 of the Complaint are not directed toward Pfizer and, therefore, no response is required. To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

127. The allegations contained in Paragraph 127 of the Complaint are not directed toward Pfizer and, therefore, no response is required. To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

128.    The allegations contained in Paragraph 128 of the Complaint contain legal conclusions to which no response is required.  Further, the allegations contained in Paragraph 128 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

129.    The allegations contained in Paragraph 129, including subparts a – d, of the Complaint are not directed toward Pfizer and, therefore, no response is required.  To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

130.    The allegations contained in Paragraph 130 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

131.    The allegations contained in Paragraph 131 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

132.    The allegations contained in Paragraph 132 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  To the extent a response is required, Pfizer

denies the allegations in this Paragraph as may be construed as relating to it. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

133.    The allegations contained in Paragraph 133 of the Complaint are not directed toward Pfizer and, therefore, no response is required. To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

134.    The allegations contained in Paragraph 134 of the Complaint are not directed toward Pfizer and, therefore, no response is required. To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

135.    The allegations contained in Paragraph 135 of the Complaint are not directed toward Pfizer and, therefore, no response is required. To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

136.    The allegations contained in Paragraph 136 of the Complaint are not directed toward Pfizer and, therefore, no response is required. To the extent a response is required, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, denies the same.

137.    The allegations contained in Paragraph 137 of the Complaint contain conclusions of law to which no response is required.  Further, the allegations contained in this Paragraph are not directed toward Pfizer and, therefore, no response is required.  To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

138.    The allegations contained in Paragraph 138 of the Complaint contain conclusions of law to which no response is required.  The allegations contained in this Paragraph are not directed toward Pfizer and, therefore, no response is required.  To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

139.    The allegations contained in Paragraph 139 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

140.    The allegations contained in Paragraph 140, including subparts a – c, of the Complaint are not directed toward Pfizer and, therefore, no response is required.  To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

141.     The allegations contained in Paragraph 141 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

142.     The allegations contained in Paragraph 142 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

143.     The allegations contained in Paragraph 143 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

144.     The allegations contained in Paragraph 144 of the Complaint are not directed toward Pfizer and, therefore, no response is required.  To the extent a response is required, Pfizer denies the allegations in this Paragraph as may be construed as relating to it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

### COUNT IX – NEGLIGENCE
### (Against Robert S. Tillett, M.D. and Louisville Neurology Associates, PSC)

145.     In response to Paragraph 145, Pfizer incorporates by reference its responses to each and every allegation in the Complaint, as if fully stated herein.

146. The allegations contained in Paragraph 146 of the Complaint are not directed toward Pfizer and, therefore, no response is required. To the extent a response is required, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, therefore, denies the same.

147. The allegations contained in Paragraph 147 of the Complaint are not directed toward Pfizer and, therefore, no response is required. To the extent a response is required, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, therefore, denies the same.

148. Pfizer denies the allegations contained in Paragraph 148 of the Complaint directed against it. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies the same.

149. The allegations contained in Paragraph 149 of the Complaint are not directed toward Pfizer and, therefore, no response is required. To the extent a response is required, Pfizer denies the allegations in this Paragraph directed against it. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies the same.

150. The allegations contained in Paragraph 150 of the Complaint are not directed toward Pfizer and, therefore, no response is required. To the extent a response is required, Pfizer denies the allegations in this Paragraph directed against it. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies the same.

151.    Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of the Complaint and, therefore, denies the same.

152.    Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 and, therefore, denies the same.

153.    Pfizer denies the allegations contained in Paragraph 153 of the Complaint directed against it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies the same.

## COUNT X – DAMAGES, WRONGFUL DEATH AND SURVIVAL
### (Against All Defendants)

154.    In response to Paragraph 154, Pfizer incorporates by reference its responses to each and every allegation in the Complaint, as if fully stated herein.

155.    Pfizer denies the allegations contained in Paragraph 155 of the Complaint directed against it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

156.    Pfizer denies the allegations contained in Paragraph 156 of the Complaint directed against it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

157.    Pfizer denies the allegations contained in Paragraph 157 of the Complaint directed against it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

158.    Pfizer denies the allegations contained in Paragraph 158 of the Complaint directed against it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

159.    Pfizer denies the allegations contained in Paragraph 159 of the Complaint directed against it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

160.    Pfizer denies the allegations contained in Paragraph 160 of the Complaint.

## COUNT XI – LOSS OF PARENTAL CONSORTIUM
### (Against All Defendants)

161.    Pfizer denies the allegations contained in Paragraph 161 of the Complaint directed against it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

162.    Pfizer denies the allegations contained in Paragraph 162 of the Complaint.

## COUNT XII – PUNITIVE DAMAGES
### (Against Pfizer)

163.    In response to Paragraph 163, Pfizer incorporates by reference its responses to each and every allegation in the Complaint, as if fully stated herein.

164.    Pfizer denies the allegations contained in Paragraph 164 of the Complaint.

165.    Pfizer denies the allegations contained in Paragraph 165 of the Complaint.

166.    Pfizer denies the allegations contained in Paragraph 166 of the Complaint.

167.    Pfizer denies the allegations contained in Paragraph 167 of the Complaint.

## COUNT XIII – LOSS OF CONSORTIUM
### (Against All Defendants)

168.    In response to Paragraph 168, Pfizer incorporates by reference its responses to each and every allegation in the Complaint, as if fully stated herein.

169.    Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 of the Complaint and, therefore, denies the same.

170.    Pfizer denies the allegations contained in Paragraph 170 of the Complaint directed against it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

171.    Pfizer denies the allegations contained in Paragraph 171 of the Complaint directed against it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

172.    Pfizer denies the allegations contained in Paragraph 172 of the Complaint directed against it.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

**PRAYER FOR RELIEF**

Pfizer denies that plaintiffs are entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph following Paragraph 172 in the "PRAYER FOR RELIEF" section of the Complaint.

Pfizer denies any allegations of the Complaint not explicitly admitted herein.

Pfizer denies Plaintiffs' headings and ad damnums in their entirety.

**AFFIRMATIVE DEFENSES**

By asserting the following affirmative defenses, Pfizer does not allege or admit it has the burden of proof and/or the burden of persuasion with respect to any of these matters:

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiffs' claims are barred by the applicable statute of limitations and/or repose.

3.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and

conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

4.      The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

5.      The claims asserted in the Complaint are barred in whole or in part by the "learned intermediary" doctrine.

6.      If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by operation of nature or other supervening or intervening conduct of persons other than Pfizer, and for whose conduct Pfizer is not responsible, or with whom Pfizer has no legal relation or legal duty to control.

7.      If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the negligence of Plaintiffs in failing to exercise due and proper care under the existing circumstances and conditions, and their damages, if any, are barred or reduced by the doctrines of contributory or comparative negligence.

8.      If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the unforeseeable alterations, improper handling, or other unforeseeable misuse of Bextra® by persons other than Pfizer or persons acting on their behalf.

9.      The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

10.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

11.     Plaintiffs' claims are barred because their injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Pfizer's conduct.

12.     If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by unforeseeable idiosyncratic reactions of Plaintiffs.

13.     Plaintiffs' claims are barred by the doctrines contained in the Restatement (Second) Torts §402(A), Comment j, Restatement (Second) Torts §402(A), Comment k, and/or Restatement (Third) of Torts:  Products Liability §§ 4 *et. seq.* and 6.

14.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiffs.

15.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Pfizer's rights under the United States Constitution.

16.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Pfizer's conduct.

17.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by

any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

18.    The claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Bextra® were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

19.    The claims must be dismissed because Charles Brady would have taken Bextra® even if the product labeling contained the information that Plaintiffs contend should have been provided.

20.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

21.    Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

22.    The claims asserted in the Complaint are barred, in whole or in part, because Pfizer did not violate the Kentucky Consumer Protection Act, KRS 367.170 et seq., and/or this Act is not applicable to this matter and/or to these Plaintiffs.

23.    Plaintiffs' damages, if any, are limited by the failure to mitigate by Plaintiffs.

24.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

25.    The liability of Pfizer, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined. Pfizer seeks an adjudication of the percentage of fault of the claimant and

each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

26.     Plaintiffs' claims are preempted by federal law and regulations, including but not limited to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §301 *et. seq.,* the regulations promulgated thereunder, and the United States Constitution, Article IV, clause 2.

27.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

28.     The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

29.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.,* and regulations promulgated thereunder, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.  Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

30.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully

assumed the risk of any injury as the result of the consumption of, administration of, or exposure

to any drug or pharmaceutical preparation sold by Pfizer or other sellers.

31.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon

information and belief, such injuries and losses were caused by the actions of persons not having

real or apparent authority to take said actions on behalf of Pfizer and over whom Pfizer had no

control and for whom Pfizer may not be held accountable.

32.    Plaintiffs' claims are barred in whole or in part because Bextra® "provides net

benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement

(Third) of Torts: Product Liability.

33.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and

satisfaction.

34.    Plaintiffs' claims are barred, in whole or in part, for insufficiency of service of

process.

35.    Plaintiffs' claims for punitive or exemplary damages are barred or reduced by

applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due

process protections afforded by the United States Constitution, the excessive fine clause of the

Eighth Amendment of the United States Constitution, the Commerce Clause of the United States

Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable

provisions of the Constitution of the State of Kentucky.  Any law, statute, or other authority

purporting to permit the recovery of punitive damages in this case is unconstitutional, facially

and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient

standards to guide and restrain the jury's discretion in determining whether to award punitive

damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate

advance notice as to what conduct will result in punitive damages; (3) unconstitutionally may permit recovery of punitive-damages based on out-of state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) unconstitutionally may permit recovery of punitive damages in an amount that is not reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages; if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to this Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent including, without limitation, Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 111 S.Ct. 1032 (1991), TXO Production Corp. v. Alliance Resources, Inc., 509 U.S. 443, 113 S.Ct. 2711 (1993); BMW of North America, Inc. v. Gore, 116 S.Ct. 1589 (1996); and State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408 (2003).

        36.    Pfizer incorporates by reference, as though set out in full herein, any and all defenses which are or may become available to it under the Product Liability Act of Kentucky, KRS § 411.300-411.350.

        37.    Pfizer incorporates by reference, as though set out in full herein, any and all defenses which are or may become available to it under the Uniform Commercial Code as adopted in Kentucky, KRS Sub. Chap. 355.

        38.    Pfizer reserves the right to assert any additional defense which might come to its attention or might be developed during the pendency of this action.

        WHEREFORE, the Defendant, Pfizer Inc., demands:

1.      Dismissal of the Plaintiffs' complaint against it;

2.      Recovery of all fees and costs expended herein;

3.      Trial by jury on all issues to triable; and,

4.      Any and all other relief to which it is entitled.


                      s/Sarah G. Cronan
                      Carol Dan Browning
                      Sarah G. Cronan
                      STITES & HARBISON, PLLC
                      400 West Market Street, Suite 1800
                      Louisville, KY  40202-3352
                      Telephone: (502) 587-3400
                      Facsimile: (502) 587-6391
                      COUNSEL FOR DEFENDANT, PFIZER INC.

### CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was electronically filed using the CM/ECF System and that a copy was mailed, first-class mail, postage pre-paid, to the following on this 16th day of April, 2007.


Jeffrey K. Branstetter          David B. Gazak
BLANTON & BRANSTETTER, LLC   Darby & Gazak
705 Meigs Avenue              10400 Linn Station Road, Suite 226
Jeffersonville, Indiana 47130      Louisville, KY 40223
*Counsel for plaintiffs*            *Counsel for Robert S. Tillett, Jr., M.D.*

                          s/Sarah G. Cronan
                      *Counsel for Defendant, Pfizer Inc.*

598870:1:LOUISVILLE